UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB CREESE,

    Plaintiff,

v.

CASE NO.:

BALD EAGLE TOWING & RECOVERY,
a Florida Profit Corporation, DEWAYNE
GRUBER, JR.  Individually and BUDDY
HAGER, Individually,

    Defendants.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACOB CREESE ("CREESE"), by and through undersigned counsel, files this Complaint against Defendants, BALD EAGLE TOWING & RECOVERY ("BALD EAGLE"), DEWAYNE GRUBER, JR. ("GRUBER") and BUDDY HAGER ("HAGER") (collectively, "Defendants"), and states as follows:

## JURISDICTION

1.    Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, overtime wages, an additional equal amount as liquidated damages, and reasonable attorney's fees and costs.

2.    The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

3.    This Court has supplemental jurisdiction over Plaintiff's Florida state law claims for the recovery of unpaid wages brought pursuant to Fla. Stat. § 448.08 as these claims are so related to Plaintiffs' FLSA claims that they form part of the same case or controversy.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 since all, and/or a substantial part, of the events giving rise to Plaintiff's claims occurred in Collier County, Florida, located within the Middle District of Florida.

## PARTIES

5. At all times material hereto, Plaintiff CREESE was a resident of Collier County, Florida.

6. At all times material hereto, BALD EAGLE was, and continues to be a Florida Limited Liability Company, with its principle place of business located in Port Charlotte, Florida.

7. At all times material hereto, GRUBER was engaged in business in the State of Florida.

8. At all times material hereto, GRUBER was, and continues to be, an individual resident of the State of Florida.

9. At all times material hereto, HAGER was engaged in business in the State of Florida.

10. At all times material hereto, HAGER was, and continues to be, an individual resident of the State of Florida.

11. At all times material hereto, Defendant BALD EAGLE owned and operated a towing business located at 3927 Enterprise Ave, Naples, FL 34101.

12. At all times material hereto, GRUBER owned and operated BALD EAGLE.

13. At all times relevant to this action, GRUBER managed and operated BALD EAGLE on a day to day basis.

14. At all times material hereto, GRUBER regularly exercised the authority to hire and fire employees of BALD EAGLE.

15. At all times material hereto, GRUBER determined the work schedules for the employees of BALD EAGLE.

16. At all times material hereto, GRUBER controlled the finances and operations of BALD EAGLE.

17. At all times material hereto, HAGER owned and operated BALD EAGLE.

18. At all times relevant to this action, HAGER managed and operated BALD EAGLE on a day to day basis.

19. At all times material hereto, HAGER regularly exercised the authority to hire and fire employees of BALD EAGLE.

20. At all times material hereto, HAGER determined the work schedules for the employees of BALD EAGLE.

21. At all times material hereto, HAGER controlled the finances and operations of BALD EAGLE.

22. Plaintiff CREESE worked for Defendants as a non-exempt tow truck driver.

23. Plaintiff CREESE was employed by Defendants from approximately September 3, 2016 through June 29, 2019.

## COVERAGE

24. At all times material hereto, Defendants were, and continue to be, "employers" within the meaning of FLSA.

25. At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

26. Based upon information and belief, the annual gross revenue of BALD EAGLE was and is, in excess of $500,000.00 per annum during the relevant time periods.

27. Based upon information and belief, the annual gross revenue of GRUBER was and is, in excess of $500,000.00 per annum during the relevant time periods.

28. Based upon information and belief, the annual gross revenue of HABER was and is, in excess of $500,000.00 per annum during the relevant time periods.

29. At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce, computers, telephones, trucks, employee uniforms, and gasoline which were used directly in furtherance of Defendants' commercial activity of operating towing services company.

30. At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

31. At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA by virtue of providing services on highways that regularly facilitated the flow of interstate commerce.

32. At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

33. On approximately September 3, 2016, Defendants hired Plaintiff to work as a non-exempt tow truck driver.

34. In most, if not all work weeks, Plaintiff worked for Defendants in excess of forty (40) hours within a workweek.

35. Specifically, Plaintiff was the only employee who was assigned to work in Defendants' "heavy division," and was required to work a significant number of hours over forty (40) in most, if not all work weeks.

36. Plaintiff was also required to cover for "light duty" tow truck drivers as necessary.

37. From approximately September 3, 2016 through approximately June 2017, Plaintiff's compensation was comprised solely of thirty (30%) percent of the revenue earned by Defendants for each call that he responded to.

38. In June 2017, Defendants changed Plaintiff's pay structure to a flat $1,300.00 per week.

39. From approximately September 3, 2016 and continuing through June 29, 2019, Defendants failed to compensate Plaintiff at rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a single workweek.

40. Plaintiff should be compensated at the rate of one and one-half times his regular rate for those hours that he worked in excess of forty (40) hours per week as required by the FLSA.

41. From at least September 3, 2016 and continuing through June 29, 2019, Defendants failed to pay Plaintiff at least federal minimum wage for most, if not all, work weeks.

42. Additionally, Plaintiff had accrued vacation pay that was not paid out to him on his final paycheck.

43. Defendant's failure to compensate him for his unpaid vacation time was and is a violation of Fla. Stat. § 443.1217. *See Short v. Bryn Alan Studios, Inc.*, No. 808-CV-145-T-30TGW, 2008 WL 2222319, at *1 (M.D. Fla. May 28, 2008) ("Clearly, sitting fees and commissions and/or bonuses, as well as accrued vacation pay, are considered "wages" for

purposes of Fla. Stat. § 448.08.").

44. Defendants have violated Title 29 U.S.C. §§ 206 and 207 from at least September 3, 2016 and continuing through June 29, 2019, in that:

    a.    Plaintiff worked in excess of forty (40) hours per week during the period of employment with Defendants;

    b.    No payments, and provisions for payment, have been made by Defendants to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for those hours worked in excess of forty (40) hours per work week as provided by the FLSA;

    c.    Defendants failed to pay Plaintiff at least minimum wage for all weeks worked in violation of the FLSA; and

    d.    Defendants have failed to maintain proper time records as mandated by the FLSA.

**COUNT I**
**RECOVERY OF OVERTIME COMPENSATION**

45. Plaintiff re-alleges and reavers paragraphs 1 through 44 of the Complaint as if fully set forth herein.

46. From at least September 3, 2016 and continuing through June 29, 2019, Plaintiff worked in excess of forty (40) hours in most, if not all work weeks, for which he was not compensated at the statutory rate of one and one-half times his regular rate of pay.

47. Plaintiff was and is entitled to be paid at the statutory rate of one and one-half times his regular rate of pay for those hours worked in excess of forty (40) hours.

48. At all times material hereto, Defendants failed and continue to fail to maintain proper time records as mandated by the FLSA.

49. Defendants' actions were willful and/or showed reckless disregard for the provisions of the FLSA, as evidenced by their failure to compensate Plaintiff at the statutory rate of one and one-half times his regular rate of pay for the hours worked in excess of forty (40) hours per weeks when it knew, or should have known, such was, and is due.

50. Defendants have failed to properly disclose or apprise Plaintiff of his rights under the FLSA.

51. Due to the intentional, willful, and unlawful acts of Defendants, Plaintiff suffered and continues to suffer damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

52. Plaintiff is entitled to an award of reasonable attorney's fees and costs pursuant to 29 U.S.C. §216(b).

## COUNT II
## MINIMUM WAGE VIOLATION UNDER FLSA

53. Plaintiff re-alleges and reavers paragraphs 1 through 44 of the Complaint as if fully set forth herein.

54. Plaintiff was entitled to be paid minimum wage for each week he worked during his employment with Defendants.

55. Defendants failed to pay Plaintiff minimum wage for each week he worked for Defendants.

56. Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate him for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the minimum wage for each week worked during one or more weeks of employment with Defendants.

57. Defendants had specific knowledge that they were paying sub-minimum wages to

Plaintiff, but still failed to pay Plaintiff at least minimum wages.

58. Defendants willfully failed to pay Plaintiff the Federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

59. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

   a. Awarding Plaintiff minimum wages in the amount due to him for time worked in each work week;

   b. Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

   c. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

   d. Awarding Plaintiff pre-judgment interest;

   e. Ordering any other further relief the Court deems just and proper.

## COUNT III
## FAILURE TO PAY WAGES UNDER FLORIDA STATUTE § 448.08

60. Plaintiff re-alleges and reavers paragraphs 1 through 44 of the Complaint as if fully set forth herein.

61. Plaintiff was entitled to be any accrued vacation pay upon his separation from employment.

62. Defendants failed to compensate Plaintiff for the vacation pay that he had accrued on Plaintiff's final paycheck.

63. Defendants willfully failed to pay Plaintiff the wages that he is owed contrary to Fla. Stat. § 448.08.

64. As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of accrued vacation pay.

65. WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendants:

    a. Awarding Plaintiff his accrued vacation pay in the amount due to him;

    b. Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to Fla. Stat. § 448.09.

    c. Awarding Plaintiff pre-judgment interest;

    d. Ordering any other further relief the Court deems just and proper.

## JURY DEMAND

Plaintiffs demand trial by jury on all issues so triable as a matter of right by jury.

Dated: August 29, 2019.  Respectfully submitted,

    */s/ Chanelle J. Ventura*
Chanelle J. Ventura
FL Bar No.: 1002876
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
T: (954) 318-0268;  F: (954) 327-3013
E-mail: CVentura@forthepeople.com

*Trial Counsel for Plaintiffs*