UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JACOB CREESE,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　Case No. 2:19-cv-626-NPM

BALD EAGLE TOWING &
RECOVERY, DEWAYNE GRUBER,
JR., BUDDY HAGER and DANIEL
POPOFF,

    Defendants.

------

# ORDER

In this Fair Labor Standards Act case, the parties have filed a Stipulation of Dismissal with Prejudice (Doc. 91). Federal Rule of Civil Procedure 41(a)(1)(A)(ii) allows a plaintiff to dismiss an action voluntarily if a stipulation of dismissal is signed by all parties who have appeared. The dismissal is effective upon filing and requires no further action by the Court. *See Anago Franchising, Inc. v. Shaz, LLC*, 677 F.3d 1272, 1278 (11th Cir. 2012). The text of the FLSA does not provide, and no Eleventh Circuit decision has ever held, that FLSA claims are exempt from Rule 41. To the contrary, the Eleventh Circuit has reasoned that the Federal Rules of Civil Procedure apply "in actions brought under the Fair Labor Standards Act no less than in any other case." *Vasconcelo v. Miami Auto Max, Inc.*, 981 F.3d 934, 942 (11th

Cir. 2020) (holding that Rule 68's cost-shifting provisions trump the FLSA's cost-shifting provisions). And there is "no distinction" between the operation of Rule 41(a)(1)(A)(ii) and Rule 68 in an FLSA action. *See Casso-Lopez v. Beach Time Rental Suncoast, LLC*, 335 F.R.D. 458, 461-462 (M.D. Fla. 2020) (Merryday, C.J.) (holding parties may terminate an FLSA case by filing either a Rule 41(a)(1)(A)(ii) stipulation of dismissal with prejudice or a Rule 68(a) notice of acceptance of an offer of judgment "and the district court is immediately powerless to interfere"); *see also Dicomo v. KJIMS Dev. Co., Inc.*, No. 2:16-cv-327-FtM-99CM, 2016 WL 6678420, *1 (M.D. Fla. Nov. 14, 2016) (Steele, J.) ("[T]he parties may dismiss [an FLSA] case in its entirety pursuant to the Joint Stipulation for Dismissal With Prejudice without further action from the Court as it is unconditional and self-executing.") (citing *Anago*); *Marcucci v. Stefano's Trattoria, Inc.*, No. 6:12-cv-440-Orl-19GJK, 2012 WL 13136903, *2 (M.D. Fla. July 3, 2012) (Fawsett, J.) (same).

Here, the parties stipulate to dismissing this case with prejudice. Accordingly, this action is dismissed with prejudice. The Clerk is directed to enter judgment, deny all pending motions, terminate all scheduled events, and close the case.

**ORDERED** in Fort Myers, Florida on October 29, 2021.

*Nicholas P. Mizell*
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE